JUDGE ROMAN

David M. Schlachter, Esq.
LAW OFFICES OF DAVID M. SCHLACHTER, LLC
8 Carefree Lane
Suffern, NY 10901
(212) 257-2190
Davids@lawdms.com – DS1694
Attorneys for Plaintiffs

**14 CV 3220**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------

GLENN SKIDMORE,

                              **Docket No.**

                Plaintiff,

                              **COMPLAINT**

WELLS FARGO BANK, N.A., WELLS
FARGO MORTGAGE-BACKED SECURITY
2005-AR2,                              **Jury Trial Requested**

                Defendant.

-------------------------------------------------

Plaintiff, GLENN SKIDMORE, by his undersigned counsel, DAVID M. SCHLACHTER, ESQ.

of LAW OFFICES OF DAVID M. SCHLACHTER, LLC, for his Complaint alleges, upon

personal knowledge as to himself and his own acts and upon information and belief as to all

other matters, as follows:

## NATURE OF ACTION

1.      This matter is an Action for Quiet Title, fraud, wrongful action, wrongful

indebtedness and conversion of real property, wrongful collection on a mortgage, slander of title,

slander of credit, unjust enrichment and other rights and remedies against Defendants, who have

fraudulently asserted possessory interests in the debt obligations securing the Plaintiff's real

property, induced the Plaintiff to rely on the fraudulent assertions, induced Plaintiff to pay their

mortgage debt obligations to parties who have no cognizable claim to those debts, induced

Plaintiff to sign Loan terms against Plaintiff's best interests, have subjected Plaintiff to

fraudulent debt obligations while remaining liable for legitimate debt obligations securing their real property, and unjustly enriching the Defendants as a direct consequence of the Defendants' fraudulent assertions.

2.      Plaintiff is an individual who resides at 2544 Corte Del Morques, Walnut Creek, CA 94958.

3.      Upon information and belief, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a bank and/or servicer with its principal office located at 420 Montgomery Street, San Francisco, California 94163.

4.      Upon information and belief, Wells Fargo Bank, N.A. and its Home Equities division has a corporate office and headquarters at 530 Fifth Avenue, New York, New York 10036.

5.      Upon information and belief, the Note and Mortgage are held with Defendant Wells Fargo Mortgage-Backed Securities 2005-AR2 ("Trust") is a Trust and Trustee is Defendant Wells Fargo.

6.      The crux of the cause of action derives from the actions taken by Defendants who do not both have proper ownership of the Note and Mortgage on the subject property and yet still used the Court system in Hawaii to wrongfully foreclose and obtain the title to the property.

## JURISDICTION AND VENUE

7.      Plaintiff brings this matter to the United States District Court based upon 28 U.S.C.  Sec. 1332, based on diversity jurisdiction as the Defendants are incorporated and their principal places of business are in different States from Plaintiffs' domicile and the amount in dispute exceeds $75,000. Venue is proper because Defendant SLS does business in this State.

## CLAIMS

8.      On or about December 17, 2004, Plaintiff did execute a Note and Mortgage to the subject property of 2544 Corte Del Marquez, Walnut Creek, CA 94958.

9.      The Note was to obtain financing in the amount of $758,500 on an Adjustable Rate Note.

10.     The interest rate was 4.875% and had to always be 2.0% above prime.

11.     Prime was calculated from the volatile London Based Index known as the LIBOR, which could change as often as four times a month.

12.     The Note is not indorsed.

13.     The mortgage is not assigned.

14.     Yet, ownership is not with Wells Fargo anymore.

15.     Ownership is with Defendant Trust.

16.     Plaintiff requested documents from Wells Fargo who claims to still service this loan.

17.     Defendants never informed that ownership has changed.

18.     In that response the Note was provided, unendorsed.

19.     The Mortgage was provided with no assignments.

20.     Yet, a private forensic audit done by Plaintiff reveals that Wells Fargo has placed the Note in the Defendant Trust.

21.     Plaintiff, as a borrower has the right to know the owner of the Note and Mortgage and Defendants acting in concert to mislead Plaintiff is fraud.

22.     Plaintiff, then, does not know the correct entity of who to correct the bad mortgage variable rate.

23.     Defendant Trust is governed by New York State Law by its own documents and by its location being in New York State.

24.     Both the documents and New York State Law require specific language in the indorsements to be valid.

25.     Both the documents and New York State Law require the transfer to be within 90 days of closing.

26.     The closing date of the Trust was February 1, 2005.

27.     As of August 2013 the Note was not yet indorsed.

28.     Therefore, the Note was not transferred as of that date.

29.     As of August 2013 there was no recorded assignment.

30.     Therefore, the Mortgage was not transferred as of that date.

31.     Upon information and belief the Note was placed in a Trust for double tax-exempt status under the Federal Real Estate Management Investment Conduit ("REMIC") laws.

32.     There are specific rules in divestment that were not followed in this matter.

33.     Wells Fargo then approached Plaintiff and solicited to Plaintiff more opportunities to borrow against the property.

34.     Defendant Wells Fargo wrongfully obtained appraisals and greatly and artificially inflated the prices of the property.

35.     This was so that Wells Fargo could extend more credit and more money to Plaintiff.

36.     Plaintiff then borrowed more money that is allegedly secured.

37.     However, the purpose was to get rid of unsecure debt which could have been alleviated in other ways than over-mortgaging the home.

38.     Plaintiff lives in this house and Defendant Wells Fargo added $341,000 in principal debt to it.

39.     This is wrongful debt and was of no advantage to Plaintiff.

COUNT ONE – Wrongful Collection Practice

40.     Plaintiff re-alleges all allegations made thus far.

41.     Therefore, Defendants have no rights to enforce collection on the Note or the Mortgage.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection and wrongful prosecution of a foreclosure action and for other such relief as this Court seems proper.

COUNT TWO – Quiet Title

42.     Plaintiff re-alleges all allegations made thus far.

43.     Therefore, title was never vested in Defendants who claims to have ownership.

Wherefore, Plaintiff seeks an Order of Judgment for damages, punitive damages, and special damages against Defendant and an injunctive Order of Quiet Title of the Note and Mortgage, and other such relief as the Court deems proper.

COUNT THREE – FRAUD

44.     Plaintiff re-alleges all allegations made thus far.

45.     The interest rate is unpredictable, not with the Truth in Lending Disclosure, and not in compliance with Lending regulation or practice.

46.     The Defendants never corrected the amounts owed.

47.     Further, Defendants have misled Plaintiff by failing to provide information about ownership of the Note and Mortgage.

48.     Defendants have also wrongfully added great financial burden to the property.

49.     Defendant Wells Fargo has caused $341,000 in principal debt to be taken from the property that had no such equity to borrow from.

50.     This to the detriment of the property and Plaintiff.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection practices, harassment, and fraudulent inducement, and other such relief as this Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a)  Quieting title against Defendants;

b)  Returning possession of the property to Plaintiff;

c)  Expunging the debt obligations and instruments asserted by Defendants against Plaintiff's subject property from the record;

d)  Granting damages to Plaintiff for Defendants' fraud;

e)  Granting damages to Plaintiffs for Defendants unjust enrichment;

f)  Granting punitive damages for the conduct and fraud;

g)  Granting attorney's fees to Plaintiff;

h)  Other relief that this Court deems proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
       April 1, 2014

By_____

David M. Schlachter, Esq.
LAW OFFICES OF
DAVID M. SCHLACHTER, LLC
8 Carefree Lane
Suffern, NY 10901
(212) 257-2190
DS1694
Davids@lawdms.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
GLENN SKIDMORE,

**Docket No.**

Plaintiff,

WELLS FARGO BANK, N.A., WELLS
FARGO MORTGAGE-BACKED SECURITY
2005-AR2,

Defendant.
-----------------------------------------------------

**SUMMONS / COMPLAINT**

This certifies under the Fed. R. Civ. P. that this pleading is not made frivolously under law and it is only made in good faith.

David M. Schlachter, Esq.
LAW OFFICES OF DAVID M.
SCHLACHTER, LLC
DS - 1694
579 Main Avenue
Passaic, New Jersey 07055
(212) 257-2190 phone
(973) 272-4167 fax
davids@lawdms.com
Attorneys for Plaintiffs